WILSON *et al.* v. WELSH *et al.*

(*Circuit Court, D. South Carolina.*   March 7, 1890.)

SALE—FRAUDULENT VENDEE—BONA FIDE PURCHASERS—EVIDENCE.
     The evidence may be very conclusive that one purchased a stock of goods with
     the formed intent to sell it immediately, and to hold the proceeds in fraud of the
     parties from whom he purchased; but mere suspicion, however grave it be, will not
     be sufficient to convict his vendee of fraudulent collusion, if his participation in the
     fraud is not made out by clear preponderance of testimony.
(*Syllabus by the Court.*)

In Equity.
*J. C. Haskell* and *Smythe & Lee*, for complainants.
*L. F. Youmans*, for defendants.

BOND, J.   This is a bill in equity filed by certain citizens of Maryland
to set aside a sale of a stock of goods in Lancaster, S. C., made on the
22d November, 1883, by the defendant T. J. Welsh to his co-defendant,
B. F. Welsh, as agent of J. R. Welsh.   The facts in the case present no
great difficulty in coming to the conclusion that T. J. Welsh had a well-
settled determination to buy as many goods as vendors in Maryland and
elsewhere, over anxious to sell,—perhaps too credulous,—would sell to
him, without the most remote expectation on his part of paying for them.
Shortly after his return to Lancaster, and before some of the goods, so
easily purchased, had arrived, he sold out the whole stock in trade to
his brother, as the agent of his father, J. R. Welsh.   The price paid by
the father for the goods was a fair one, provided it was actually paid.
The proof of this is sufficient, if you credit the witnesses for the defend-
ant; and it appears quite certain that J. R. Welsh, the father, was abun-
dantly able to make the purchase and pay for the goods.   As to the cred-
ibility of the witnesses for defendant, while their testimony is unshaken
by cross-examination, it looks suspiciously untrue, but, unless better
proof is offered to contradict it, we suppose it must stand.   The burden
of proof to show the fraud in this transaction is on the complainants,
which burden, indeed, they have assumed; but, while they have suc-
ceeded in raising a very dark cloud of suspicion over the whole transac-
tion, they have not affirmatively shown that J. R. Welsh, the real ven-
dee, was at all a party to the fraud, or had any reason to suppose he was
engaged in one.   The bill will be dismissed, with costs divided.

The Chief Justice sat in this cause, and, while he has not seen the
above, coincides in the judgment.